**Awald HOSSAIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–70349.
I & NS No. A71 601 044.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2001.*

Decided April 11, 2001.

Before FERGUSON, SILVERMAN, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

Awald Hossain, a native and citizen of Bangladesh, appeals the Board of Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publi-

gration Appeals's final order of deportation denying his request for asylum and withholding of deportation. We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1105(a), as amended by § 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208,[1] and we deny the petition for review. Since both of the parties are familiar with the facts, we will not recite them in this decision.

■ We must affirm the BIA's decision if there is reasonable, substantial and probative evidence to support the decision based on the record as a whole. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The decision can be reversed only if the evidence presented by the alien is such that a reasonable fact finder is compelled to conclude that the requisite fear of persecution exists. *Id.* Because the BIA conducted its own review of the record, we review the BIA's decision rather than the IJ's decision. *Singh v. INS,* 94 F.3d 1353, 1358 (9th Cir.1996).

■ Hossain argues that the BIA erred when it made an explicit adverse credibility finding. We review credibility determinations for substantial evidence and defer to credibility findings that are fairly supported by the record and supported by specific and cogent reasons for the rejection of the testimony. *Vilorio–Lopez v. INS,* 852 F.2d 1137, 1141 (9th Cir.1988).

■ The IJ and BIA found Hossain's testimony not credible. We must accept the BIA's credibility findings in this case because those findings are specific, cogent and supported by the record. Hossain

gave differing accounts of material facts, such as the "house-surrounding" incident, the extortion of his family, and why the BNP members harassed him. These material facts go to the heart of Hossain's asylum claim. The BIA's adverse credibility finding is supported by substantial evidence. *De Leon–Barrios v. INS,* 116 F.3d 391, 393–94 (9th Cir.1997).

■ Because Hossain has not established eligibility for asylum, he necessarily has not met the higher burden of proving that he is entitled to withholding of deportation. *Marcu v. INS,* 147 F.3d 1078, 1083 (9th Cir.1998).

PETITION FOR REVIEW DENIED.

■

---

cation and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 repeals 8 U.S.C. § 1105(a) and replaces it with a new judicial review provision codified at 8 U.S.C. § 1252. However the new provision does not apply to this case. *See* IIRIRA §§ 306(c)(1), 309(a).

